Daniel, J.
 

 The defendant was the Clerk of the County Court of Perquimons, and this was an action of debt on his official bond. The breach assigned, was his failure to issue a notice to one Albertson, and place it in the hands of the Sheiifftobe served. A constable had levied on thé lands of Albertson, under an execution issued by a justice of the peace, on a judgment in favor of the relator against the said Albertson, and the warrant, judgment, execution and levy, had been returned into the County Court of Perquimons, at May Sessions, 1841 ; but the constable did not return any copy of a written notice of the said levy given by him to Albertson, as ho, by act of Assembly, was directed to do. At May Sessions, 1841, the followingentry was. made on the record, in the aforesaid-cause: “No judgment, for the want of notice, ordered that the Clerk issue notice.” It was admitted, that the Clerk did not issue the notice of the levy as ordered, nor did the relator, by himself or agent, call upon the Clerk for the said notice. At August Sessions, 1841, the above order was renewed, and the defendant ceased to be Clerk at that Term. The Court charged the jury, that it
 
 *24
 
 was the duty oí the Clerk to have issued the notice, as it had been ordered by the Court, although neither the relator nor his agent had applied for the same ; and that if the relator had sustained damage by this omission of duty, he was entitled to recover the amount of that damage. The jury rendered a verdict for the plaintiff; there was judgment, and the defendant appealed.
 

 We believe, that it has been usual for the Clerks of the Courts in this State, to issue process, notices and copies of orders made in civil causes, and place them in the hands of the Sheriffs to be served and executed ; but we are ignorant of any law that makes it the official duty of the Clerk to do it. Neither the relator nor his agent ever demanded the notice of the Clerk. If such a demand had been made, and the Clerk had then refused to make it out and deliver it to such demandant, in a reasonable time, he would have been guilty of a breach of his duty, but not before such demand. We are of opinion, that the judgment must be reversed, and a new trial granted.
 

 Per Cúriam.' New trial awarded.